Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

*11CV0032/e*

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.** **Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1.     **Leroy Carver**

2. _____

*UNITED STATES DISTRICT COURT*
*FILED*
*APR 22 2011*
*MICHAEL J. ROEMER, CLERK*
*WESTERN DISTRICT OF NY*

-VS-

**B.** **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

| | |
|---|---|
| 1.    **Co. Barrett** | 4. **Co. Patterson** |
| 2.    **Co. Farrell** | 5. **Co. Watson** |
| 3. **John/Jane Doe ADA Coordinator** <br> ~~John/Jane Doe Doctor~~ <br> **John/Jane Doe Audiologist** | 6.    **John/Jane Doe Nurse Admin** <br> **John/Jane Doe Dept of** <br> **Administration & Programs** |

**E. Blake, Sgt Skelly, John/Jane Doe Correctional Staff**
**Officers, Sergeants Lieutenants Tim Votraw, Co. Petties**
**Lieutenants, Tim Votraw, Co. Petties**

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:    **Mr. Leroy Carver 10-B1328**

Present Place of Confinement & Address:    **Sullivan Correctional**
        **325 River Side Dr, Fallsburg, NY 12733**

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: **Co. Barrett**

(If applicable) Official Position of Defendant: **Correctional Officer**

(If applicable) Defendant is Sued in **X** Individual and/or _____ Official Capacity

Address of Defendant: **Wende Correctional Wnde Road, Alden NY 14004**

Name of Defendant: **Co. Patterson**

(If applicable) Official Position of Defendant: **Correctional Officer**

(If applicable) Defendant is Sued in **X** Individual and/or _____ Official Capacity

Address of Defendant: **Wende Correctional, Wende Raod Alden NY 14004**

Name of Defendant: **Co. Farrell**

(If applicable) Official Position of Defendant: **Correctional Officer**

(If applicable) Defendant is Sued in **X** Individual and/or _____ Official Capacity

Address of Defendant: **Wende Correctional, Wende Road, Alden NY 14004**

**See Attached for more defendants.**

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.     Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**
Yes____ No **X**

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.     Name(s) of the parties to this other lawsuit:

Plaintiff(s):_____

Defendant(s):_____

_____

2.     Court (if federal court, name the district; if state court, name the county):_____

_____

3.     Docket or Index Number:_____

4.     Name of Judge to whom case was assigned:_____

2

## ADDITIONAL DEFENDANTS

Co. Watson Individual Capacity
Correctional Officer
Wende Correctional, Wende Road, Alden NY 14004

Sgt. M. Skelly Individual Capacity
Correctional Sergeant
Wende Correctional, Wende Road, Alden NY 14004

Ms. Elizabeth Blake Individual & Official Capacity
Correctional Steward
Wende Correctional, Wende Road, Alden NY 14004

Mr. Tim Votraw Acting Director of Special Housing
Individual & Official Capacity
State Campus, 1220 Washington Ave, Albany NY 12226

Mr. Albert Prack Director of Special Housing
Individual & Official Capacity
State Campus 1220 Washington Ave, Albany NY 12226

Lt. Keenan Correctional Lieutenant
Individual & Official Capacity
Wende Correctional, Wende Road, Alden NY 14004

Ms. D. Toporek Nurse Administrator and
John/Jane Doe Nurses & Nurse Administrator
Individual & Official Capacity
Wende Correctional, Wende Road, Alden NY 14004

Co. Petties Individual Capacity
Correctional Officer
Wende Correctional, Wende Road, Alden NY 14004

Mr. Bonner Inspector General Investigator
Individual & Official Capacity
State Campus, 1220 Washington Ave, Albany NY 12226

John/Jane Doe Grievance Supervisor and Director
Individual & Official Capacity
Wende Correctional, Wende Road, Alden NY 14004
And State Campus 1220 Washington Ave Albany NY 12226

Ms. Karen R. Bellamy Director
Inmate Grievance Program
Individual & Official Capacity
State Campus, 1220 Washington Ave Albany NY 12226

Ms. L. Buther, ADA Coordinator
Individual & Official Capacity
State Campus, 1220 Washington Ave, Albany NY 12226

John/Jane Doe ADA Coordinator
ADA Coordinator Wende Correctional
Individual & Official Capacity
Wende Correctional, Wende Road, Alden NY 14004

2A

John/Jane Doe Health Service Director Facility Doctor
And all other John/Jane Doe facility doctors.
Individual & Official Capacity
Wende Correctional, Wende Road, Alden NY 14004

John/Jane Doe Audiologist
Individual & Official Capacity
Wende Correctional, Wende Road, Alden NY 14004

John/Jane Doe Deputy Superintendent of Programs
Individual & Official Capacity
Wende Correctional, Wende Road, Alden NY 14004

John/Jane Doe Deputy Superintendent of Administration
Wende Correctional, Wende Road Alden NY 14004

John/Jane Doe Correctional Officers
Individual Capacity
Wende Correctional, Wende Road, Alden NY 14004

John/Jane Doe Correctional Sergeants
Individual Capacity
Wende Correctional, Wende Road, Alden NY 14004

John/Jane Doe Correctional Lieutenants
Individual & Official Capacity
Wende Correctional, Wende Road, Alden NY 14004

John/Jane Doe Correctional Counselor, ADA Counselor, Senior
Counselor Individual & Official Capacity
Wende Correctional, Wende Road, Alden NY 14004

John/Jane Doe Hearing Assistant
Individual & Official Capacity
Wende Correctional, Wende Road, Alden NY 14004

New York State Dept. of Correctional Services
1220 Washington Ave, Albany NY 12226

5.    The approximate date the action was filed:_____

6.    What was the disposition of the case?

        Is it still pending?  Yes____  No_X_

            If not, give the approximate date it was resolved._____

        Disposition (check the statements which apply):

        ____ Dismissed (check the box which indicates why it was dismissed):

               ____    By court *sua sponte* as frivolous, malicious or for failing to state a claim
                      upon which relief can be granted;

               ____    By court for failure to exhaust administrative remedies;

               ____    By court for failure to prosecute, pay filing fee or otherwise respond to a court
                      order;

               ____    By court due to your voluntary withdrawal of claim;

        ____ Judgment upon motion or after trial entered for

            ____ plaintiff

            ____ defendant.

**B.**    Have you begun **any other lawsuits** in **federal court** which relate to your imprisonment?

        Yes____  No_X_

If Yes, complete the next section.  NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

        Plaintiff(s):_____

        _____

        Defendant(s):_____

        _____

2.    District Court:_____

3.    Docket Number:_____

4.    Name of District or Magistrate Judge to whom case was assigned:_____
_____

5.    The approximate date the action was filed:_____

6.    What was the disposition of the case?

        Is it still pending?  Yes____  No_X_

            If not, give the approximate date it was resolved._____

Disposition (check the statements which apply):

_____ Dismissed (check the box which indicates why it was dismissed):

    _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    _____ By court for failure to exhaust administrative remedies;

    _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    _____ By court due to your voluntary withdrawal of claim;

_____ Judgment upon motion or after trial entered for

    _____ plaintiff

    _____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

## Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

**A. FIRST CLAIM:** On (date of the incident) **About 8/25/10** _____,

defendant (give the <u>name and position held</u> of <u>each defendant</u> involved in this incident) _____

    John/Jane Doe Audiologist; Nurse Administrator; Facility
~~Health Service Director - Doctor failed to provide plaintiff~~

did the following to me (briefly state what each defendant named above did): his ADA Reasonable
Accommodations of Hearing Aids that broke on 8/25/10, and

have not been replaced to date. This ADA violation led to

plaintiff suffering Due Process, and Equal Protection

violations at Disciplinary hearings.

_____

_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: 8th and 14th Amendments,

    ADA, and Rehabilitation Act Violations.

The relief I am seeking for this claim is (briefly state the relief sought): _____

_____

_____

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _X_ Yes _____ No   If yes, what was the result? _____

_____

Did you appeal that decision? _X_ Yes _____ No   If yes, what was the result? _____

_____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

_____

**A. SECOND CLAIM:** On (date of the incident) **9/28/10** _____,

defendant (give the <u>name and position held</u> of <u>each defendant</u> involved in this incident) _____

    Co. Barrett, Patterson, Farrell, Watson, Sgt. Skelly, John/

Jane Doe Nurse, other John/Jane Doe Correctional Staff
~~Doctor, Audiologist, Co. Petties, E. Blake, Tim Votraw, John/~~
Jane Doe Sergeants Lieutenants, Dept. of Programs &
Administration, Ms. Buther ADA Coordinators John/Jane Does

did the following to me (briefly state what each defendant named above did): _____

Used excessive force, failure to protect, denial of medical

treatment, Due Process, and Equal Protection violations

~~happened by these officers attacking me, and sending me to~~

SHU for falsely stating I attacked an officer, and denying

me my other rights under the ADA & Rehabilitation Act.

SEE ATTACHED FOR COMPLETE DETAILS OF FACTS TO ALL EVENT AND

HOW EACH DEFENDANT IS DIRECTLY INVOLVED.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: 8th and 14th Admendments,

ADA, and Rehabilitation Act violations

The relief I am seeking for this claim is (briefly state the relief sought): _____

_____

_____

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? __X__ Yes _____ No  If yes, what was the result? _____

_____

Did you appeal that decision? __X__ Yes _____ No  If yes, what was the result? _____

_____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

$500,000 Punitive, Compensatory, declitory damages

injunctive relief for Medical and ADA, Rehabilitation

Act Rights and accommodations, care

Do you want a jury trial? Yes __X__ No _____

6

## FACTS TO ALL CLAIMS

1 On about 5/4/10 plaintiff was transferred, and arrived at Wende Correctional. Within about 72 hours plaintiff was seen by medical staff, and informed of plaintiff's need for a hearing aid.

2 On about 6/29/10 plaintiff was seen by John/Jane Doe audiologist who ordered plaintiff to return at the next clinic appointment to be fitted for a hearing aid.

3 On about 7/27/10 plaintiff was seen by the Audiologist who fitted plaintiff for the hearing aid.

4 On about 8/24/10 plaintiff received the hearing aid.

5 On 8/24/10 while plaintiff was trying to get into a shower, plaintiff removed the hearing aid. When plaintiff went to replace the hearing aid after the shower, the hearing aid no longer worked.

6 On about 8/25/10 plaintiff informed John/Jane Doe medical nurse of plaintiff's need to have the hearing aid replaced. From 8/25/10 to date John/Jane Doe Nurse Administrator, Health Service Director/Doctor, Audiologist at Wende Correctional have failed to replace the none working hearing aid as plaintiffs reasonable accommodation under the ADA, and Rehabilitation Act. As well as under NYS DOCS Directive 2612.

7 Without the use of a hearing aid, on about 9/23/10 plaintiff was in his cell. The block officer make his rounds in the block at about 4:15-4:30 pm. Plaintiff had a sign hanging up on his gate (cell door) requesting chow.

6A

8 When time came for chow, plaintiffs cell never opened. Plaintiff then called for the officer to let plaintiff out of his cell. Sometime later the same officer came to plaintiff cell, and said plaintiff was feed in for his cell without giving a reason. Plaintiff questioned why, and the officer said he did not know why plaintiff was now feed in. Plaintiff asked why he could not go to the mess hall. Plaintiff asked to see an area sergeant, and none showed up to speak to plaintiff.

9 At about 6:00-6:10 pm plaintiffs cell still did not open. Plaintiff kept asking the block officer to open his cell for the yard. No staff member ever came to plaintiff cell to speak to him.

10 Plaintiff then waited until the next morning, and then asked the officer doing the 7:00-7:30 am rounds why his cell did not open the night before for chow or yard., and for breakfast. The officer said he did not know, but apparently keep locked.

11 On 9/24/10 at about 12 pm, plaintiff was taken out of his cell of D-24-9, and moved to D-20-25 cell. Plaintiff was then told by the D-20 gallery officer that plaintiff was keep locked. Plaintiff then asked why, and the officer he did not know.

12 A day or so after plaintiff received a misbehavior report issued by Co. T Watson, issued on 9/23/10 at 9:15 am for the charges of direct order and a movement violation. Which

68

plaintiff needs a hearing aid and is unable to hear any direct orders given.

13 On 9/28/10 Correctional Lieutenant Keenan conducted a Tier II disciplinary hearing against plaintiff. Pursuant to State Directive 2612, and New York State law of NYCRR Title 7 Chapter 5, that are in place to protect plaintiffs Due Process rights during a disciplinary hearing. plaintiff was not afforded a sign language person to aid him at his hearing, or before the hearing to for a defense to the charges, or to know his rights at the hearing, and rights to appeal.

14 On 9/28/10 Lt. Keenan found plaintiff guilty of rule violation 106.10 Direct order, and 109.12 movement violation. Plaintiff received time served for the days he already served in his cell from 9/23/10 to 9/28/10.

15 On 9/28/10 at about 9:30 am plaintiff was being escorted by Co. Barrett from the hearing back to plaintiffs housing unit. Upon entering the housing unit plaintiff was told by Co. Barrett to stand by the fire box, which plaintiff did.

16 Co. Barrett then had a conversation with Co. Watson, and told her that plaintiff received 5 days keep lock time served for the incident Co. Watson wrote plaintiff a misbehavior report for. It was at that point plaintiff looked that their direction to see the time on the clock, and Co. Watson yelled at plaintiff not to look at her, that plaintiff "already pissed" her off.

17 At that same point Co. Patterson was coming down the

6C

stair case. Co Barrett then ordered plaintiff to go up the stair case to his cell.

*18* Co. Barrett was right behind plaintiff with Co. Patterson standing on the side of the stair case. Then both officers followed plaintiff to his gallery where his cell was at. Co. Petterson stopped at his desk, and Co. Barrett followed plaintiff to his cell, and then followed plaintiff to the school area. But plaintiffs school program was closed. So Co. Barrett escorted plaintiff back to the housing block once again.

*19* Co. Barrett at the housing unit told plaintiff to stand in the hall way in front of the housing block, and wait for him. Co. Barrett then entered the block, and then had a conversation with other officers in the block.

*20* Co. Barrett then ordered plaintiff to enter the block, but plaintiff did not hear him clearly, and asked Co. Barrett what. Co. Barrett then motioned with his night stick to come on.

*21* As plaintiff entered the block, and tried to proceed up the stair case Co. Patterson was standing on the stair case. When plaintiff got one step close to Co. Patterson, he then stepped in front of plaintiff. When plaintiff tried to walk around, Co. Patterson pulled out his stick and hit plaintiff in the stomach. Plaintiff then bent over, and grabbed the hand rail. When plaintiff looked up at Co. Patterson, he was saying something to plaintiff but plaintiff

could not hear him.

22 At that point Co. Barrett, and Farrell, and other John/Jane Doe officers attacked plaintiff from behind. After these officers were hitting plaintiff over and over. Plaintiff was then hand cuffed and taken to the medical department.

23 Sgt. Skelly walked with plaintiff and the other officers to the medical unit. Where John/Jane Doe medical nurse examined plaintiff, and did not provide medical treatment for plaintiffs injuries. The medical nurse seen the blood around plaintiffs eye. The nurse then asked what happened, and asked if plaintiff had more injuries. Plaintiff said yes, and showed his right wrist, and left hand that was bleeding, and mentioned his right leg.

24 At that point John/Jane Doe officer came and took pictures of plaintiff. After the pictures were taken a few other John/Jane Doe officers that were in the clinic had punched plaintiff in the stomach, and face a few times. Then plaintiff seen John/Jane Doe Sergeant who questioned plaintiff, and took plaintiff to the SHU housing unit.

25 At no time during plaintiffs encounter with John/Jane Doe nurse, or John/Jane Doe Sergeant was plaintiff afforded a sign language person to aid him in his communication.

26 Within a few days plaintiff was given a misbehavior report for the incident of 9/28/10. Plaintiff was not afforded a sign language person either.

27 Pursuant to Title 7 Chapter 5, plaintiff picked a hearing assistant, but no hearing assistant ever came to see

6E

plaintiff. At the hearing conducted by Ms. Elisabeth Blake, plaintiff brought to the hearing officers attention he was not afforded a hearing assistant. Nor was plaintiff afforded s sign language person for the hearing. Plaintiff was found guilty by the hearing officer of charges 104.11 violent conduct; 104.13 creating a disturbance; 100.11 assault on staff; and 106.10 direct order. Plaintiff was given six (6) month SHU time for this incident by the hearing officer

28 Inmate Vincent Devivo wrote to the Inspector Generals office of the NYS DOCS, and informed then of what he seen in regards to the incident that took place on 9/28/10 with plaintiff. IG Investigator Bonner on 10/27/10 this investigator interviewed plaintiff concerning him being attacked by the named officers, and John/Jane Does. This investigator did not take any corrective action against these officers even with this witness verifying facts that took place, and records and photographs all going to support plaintiffs events claimed.

29 As a result of the hearing officer Ms. Blake finding plaintiff guilty on 10/20/10 plaintiff appealed to the Commissioners office, and Mr. Tim Votraw denied plaintiffs appeal on December 27, 2010, when there were clear violations that took place against plaintiffs 8th, and 14th Amendment rights, as well as under the ADA, and Rehabilitation Act.

30 Furthermore, plaintiff did not receive any medical treatment to fix his leg injury other then giving him an x-ray, and pain pills, or concerning his broken ribs.

6F

$31$ On about 9/17/10 plaintiff filed a grievance under WDE/33618/10 for harassment by Correctional officers. This grievance was investigated, and nothing was done to help plaintiff.

$32$ On about 10/12/10 plaintiff filed a grievance under WDE/33779/10, concerning plaintiff being deaf and hard of hearing, and concerning the incidents that took place on 9/23/10, and 9/28/10. Pursuant to State Directives 2612, and 4040 the John/Jane Doe, and Ms. Buther ADA coordinator and John/Jane Doe Dept. of Programs & Administration are suppose to investigate a disability complaint, and take immediate corrective action. Where as stated plaintiff starts off his grievance by saying he is deaf and hard of hearing.

$33$ This grievance was only investigated by John/Jane Doe Sergeant, and not by John/Jane Doe ADA coordinator, or Dept. of Programs & Administration, or Ms. Buther.

$34$ Futhermore the CORC office stated that the matter was "properly investigated by the facility administration." which is not true, or they would have found that plaintiff is deaf, and hard of hearing, and this incident of 9/28/10 should not have taken place. And was only a result of the incident that took place on 9/23/10.

$35$ On about 10/25/10 plaintiff filed another grievance under WDE/33844/10 concerning the incident of 9/28/10, and the false charges. Once against John/Jane Doe ADA coordinator, Ms. Buther, and Dept. of Programs & Administration took no corrective actions to help plaintiff. CORC noted in its

decision dated 2/10/11 that plaintiff "had an opportunity
to call witnesses, present any mitigating circumstances,
and provide relevant evidence in his own defense..." But
CORC fails to point out that plaintiff is deaf, and hard
of hearing, and was not provided a sign language person to
aid plaintiff at any of his proceedings.

36 On about 10/20/10 plaintiff wrote to Dept. of Security
Sticht concerning plaintiffs problems. As well as writing
the dental department about plaintiffs jaw. Where plaintiff
received no help.

37 On about 11/10/10 plaintiff wrote to his corrections
counselor concerning a letter plaintiff sent dated about
10/11/10.

38 On 10/13/10. 10/14/10, 10/15/10 plaintiff received no
pain medication to help his pain, or help concerning his
eye.

39 On about 10/14/10 plaintiff wrote for Sick Call about
his pain, and was never seen.

40 On about 10/23/10 plaintiffs medication was stopped,
and wrote for Sick Call but no one no showed up to help.

41 On about 10/24/10 plaintiff again requested Sick Call
for his pain, and no one showed up.

42 On about 10/19/10, and 10/27/10 plaintiff seen John/Jane
Doe Doctor concerning plaintiffs injuries, and pain, and
nothing was done to help him.

43 On about 10/25/10 plaintiff wrote John/Jane Doe (D.
Toporek) Nurse Administrator concerning plaintiffs pain,

and need for medical treatment. Where on 11/17/10 John/Jane Doe (D. Toporek) Nurse Administrator informed plaintiff that "No rounds are made weekly in the SHU. Please address your medical issues with the MD at this time." Which is a direct violation of State Directive for rounds being made in SHU to help inmates.

44 On about 10/31/10 plaintiff wrote for Sick Call again about his pain, and foot problem. No one showed up to help plaintiff.

45 On about 10/31/10 plaintiff wrote the Eye Department concerning his eye glasses, and never received.

46 On about 11/3/10 plaintiff wrote the mail department at Wende Correctional concerning plaintiffs missing mail, and plaintiff received no response.

47 On about 11/11/10 plaintiff wrote to the ADA Coordinator concerning plaintiffs needs, and never received a response.

48 On about 11/12/10 plaintiff spoke to John/Jane Doe nurse concerning his pain, and nothing was done to help plaintiff.

49 On about 11/13, and 11/14/10 plaintiff again wrote to the mail department concerning his missing mail, and nothing was done to help plaintiff.

50 On about 11/14/10 plaintiff wrote to John/Jane Doe (D. Toporek) Nurse Administrator again concerning his foot, and an x-ray, and plaintiff received no answer until 11/17/10. Where plaintiff was told "no rounds are made weekly in the SHU. Please address your medical issues with the MD at this time."

51 On about 11/22/10 plaintiff filed another grievance concerning the incident of 2/28/10, and that the grievance process was not being followed to protect plaintiffs rights.

52 Plaintiff wrote to Wende IGRC Grievance Dept., office complaining the Sgt Sowl was looking at and reading plaintiffs legal mail on 11/20, 11/22/10.

53 On about 11/24/10 plaintiff spoke to John/Jane Doe medical doctor concerning his pain on his left side, and other medical problems. Nothing was done to provide treatment for plaintiff.

54 On about 11/24/10 plaintiff wrote to Wende Correctional Superintendent concerning plaintiff being afraid to come out of his cell in SHU for Recreation or showers. Where officers were harassing plaintiff and threatening him.

55 On About 11/28/10 plaintiff wrote to the grievance Dept., concerning plaintiff not being able to get to Sick Call.

56 On about Nov. 30, 2010 Ms. Karen Bellamy, the Director of the Grievance program from the Albany Officer wrote to plaintiff and stated in sum that there was nothing wrong with the grievance process at Wende Correctional. What Ms. Bellamy did not take into account is the fact that pursuant to Directives 404, and 2612 since plaintiff is disabled his grievances are to be handled in a different way, and provided proper assistance that was not being done my John/Jane Doe ADA Coordinator, Dept. of Programs & administration, and Ms. Buther.

57 On about 12/17/10 plaintiff sent a complaint to the

Albany Office of the NYS DOCS requesting an investigation into the incident of plaintiff being attacked on 9/28/10, and that this same Co. Patterson was harassing plaintiff in SHU where plaintiff was afraid to come out of his cell to take a shower. And that plaintiff was being denied the use of a razor to shave.

58 On about 12/21/10 plaintiff wrote the Grievance officer to file a complaint that plaintiffs legal mail was being opened a read on 12/20/10.

59 On about 12/23/10 plaintiff filed a complaint with the grievance officer concerning the incident of 9/28/10, and that plaintiff had a copy of Co. Naper Inmate help witnees Vincenl Devivo.

60 On about 12/28/10 plaintiff wrote to the grievance office asking for assistance, and a notice of decision to appeal, as well as his medical decision. Which plaintiff received no help when Directive 2612, and 4040 disabled inmates are suppose to receive help. And is the responsibility of the ADA coordinator, Dept. of Programs & Administration, and Ms. Buther to make sure assistance is provided.

61 On about 12/30/10 plaintiff wrote the grievance office concerning his notice of decision to appeal, and received no answer or help.

62 On about 1/3/11 plaintiff wrote to the grievance officer and John/Jane Doe resource room ADA coordinator for assistance, and that plaintiff had not received his medication from 12/22/10.

6K

63 On about 1/2/11 plaintiff wrote to John/Jane Doe medical nurse about plaintiff not getting his medication he put in a refill slip for on 12/22/10. And plaintiff received no answer.

64 On about February 22, 2011 Mr. Albert Prack the Director of Special Housing wrote to plaintiff denying plaintiff a reconsideration of his disciplinary appeal. Never taking into account that plaintiff is disabled, and was never provided his reasonable accommodations as required under the ADA, and Rehabilitation Act. A responsibility of the ADA Coordinator, Dept. of Programs & Administration, and Ms. Buther.

65 On about 3/22/11 plaintiff received an x-ray for the incident that took place on 9/28/10

6 k

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____4-19-11_____
                              (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____

_____    *Mr. Leroy Carver*_____
                                                Signature(s) of Plaintiff(s)

7